## BONNER v. CONKLIN.
### No. 5554.

Court of Appeals of the District of Columbia.
Submitted Nov. 2, 1932.
Decided Dec. 12, 1932.

Robert H. McNeill, of Washington, D. C., and H. Woodward Winburn, of Greensboro, N. C., for appellant.

P. B. Morehouse, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia upon a directed verdict for the defendant. The action is for damages by appellant, plaintiff below, against defendant, a duly licensed and practicing physician in the District of Columbia, for negligence in the treatment, care, and attendance of the plaintiff at the time of childbirth.

It appears that defendant had been engaged to treat the plaintiff prior to and at the time in question; that he had ordered her to a hospital, where he visited her about 10:30 p. m. on the date in question, shortly after

# 876

plaintiff had arrived at 'the hospital. After an examination of the plaintiff, he arrived at the conclusion that the birth would in all probability not occur before the following day. He left the hospital with strict instructions to the nurse and attendants that, if a changed condition occurred, to telephone him at once. He arrived home about 11:30, left his car in front of his house, and held himself in readiness in the event of a call. When the call came shortly after midnight, he responded and was at the hospital within about ten minutes. When he arrived, the birth was about completed, but he assisted in its completion.

He attended her while in the hospital, and at the usual time granted her permission to return to her home, the child being in a healthy condition. The testimony of the plaintiff is that later on she developed womb trouble which has disabled her from the performance of her usual duties, and which she alleges was caused by the negligence of the defendant in not being present and attending her during the entire birth period, as he had contracted and agreed to be.

A review of the evidence fails to disclose any testimony to the effect that the absence of the doctor from the hospital was the proximate cause of the trouble complained of. While there is testimony that her condition may have been caused by the childbirth, yet there is no evidence that, had defendant been present and exercised reasonable professional skill, the result would or could have been different. For this failure in the testimony to establish a case of negligence, we think the court was justified in directing a verdict.

The judgment is affirmed, with costs.